The plaintiff alleges in his petition that on November 2, 1942, while working for the defendant, A. Farnell Blair, as a painter or glazer, he sustained a left inguinal hernia. He sues to recover compensation at the maximum rate of $20 per week for a period not exceeding 400 weeks. The Central Surety Insurance Company, the insurance carrier of the employer, was joined as a defendant.
The defendants admit plaintiff's employment and that his rate of pay was such as to entitle him to the maximum compensation if he is entitled to any, but they deny that he sustained any accidental injury while in the employ of Blair, and aver if he has a hernia, it was acquired long prior to his employment by Blair and had no connection with his employment by said defendant. They further allege that plaintiff is not totally disabled and can do the same kind of work he was doing at the time of the alleged accident, and in the alternative, they allege further that without admitting liability, they offered plaintiff an operation without any expense to him which he refused. The trial judge dismissed plaintiff's suit, and he has appealed.
Plaintiff testified that he was lifting a can of putty to put it on a table when he felt a stinging on his left side as he stooped over; that he stood for a few minutes and returned to work, and after three or four minutes he became nauseated and went out and sat down on the side of his automobile about 30 minutes; that the Superintendent came around and asked what was the matter and told another employee to take plaintiff to the hospital if he was not able to work, and this fellow workman took him to the camp hospital where he was sent to Dr. Reid at the Reid hospital in Leesville. Dr. Reid examined him and told him he had a strangulated hernia and he had better stay at the hospital and have an operation, but he wanted to wait awhile and go home and talk the matter over with his wife. He did not make any demand on defendants for compensation but turned his claim over to his attorneys a few days after he claims to have gotten hurt. He says that he has been unable to work since he got hurt on November 2, 1942.
On cross-examination, plaintiff admitted signing a medical report of his examination by Dr. Silvey on March 24, 1941, for employment by Horace Williams Company at Camp Polk. This report certifies that this doctor had examined plaintiff on the above date and found him unable to do manual labor, and under "Remarks" there is a notation, "Left indirect inguinal hernia." While plaintiff admitted signing this report, he denied that he read it or knew what was in it. He said if he did have a hernia at that time he did not know it; that he went to work for the Williams Company and worked for four or five months, and later worked for other employers until he began working for Blair some two or three weeks before the alleged injury. He was not examined when he went to work for Blair.
Dr. Reid examined plaintiff on the day he claimed to have gotten hurt, and found a left inguinal hernia, medium size. He denied that he told plaintiff he had a strangulated hernia. He thought at the time that the hernia was of recent origin, but stated that if he had known that plaintiff had been examined in March, 1941, and had been found unable to work on account of an indirect inguinal hernia he would have known that the hernia was not of recent origin. This doctor advised plaintiff to have an operation, and that his employer and the insurance company would take care of it; that the operation would not be bad, and he could not get work where an examination is required without an operation.
A lay witness testified that he was present when plaintiff claims to have gotten hurt and corroborated in the main what plaintiff said in regard to how he strained himself in lifting a bucket of paint and getting sick at his stomach and being taken to the hospital by a fellow workman. This witness and another workman testified that they had worked with plaintiff for one or two years and they did not know that he had a hernia.
Two doctors examined plaintiff for the defendants and found that he has a left inguinal hernia, and stated that if he had the kind of hernia shown on the medical report of Dr. Silvey in March, 1941, he had the same kind of hernia when they examined *Page 564 
him a short time before the trial of the case. The testimony of Dr. Silvey was taken by deposition and he identified his examination report of plaintiff in March, 1941, when this doctor was examining for the Horace Williams Company at Camp Polk. He explained that the applicant was required to sign the medical report and he was given the original report on which was written the finding of the examining physician, with a statement as to whether the applicant was able to work.
From the proof in the record it is clear that plaintiff had the same kind of hernia in March, 1941, that he had after he claims to have been injured. While he worked between these two dates, it is hardly reasonable to believe that he did not know that he had a hernia. It is generally known that many men do carry on their work with a medium sized hernia, even though it might be accompanied by a certain amount of discomfort and danger.
Having this hernia, it is easy to understand how it was possible for plaintiff on lifting this bucket of putty weighing about 75 pounds to have felt some stinging sensation in the area of the hernia and to become sick from the strain, but there is nothing to show that the pre-existing hernia was aggravated or made any worse than it was before. In other words, plaintiff is in the same disabled condition now as he was before he claims to have been injured. As the doctors say, he is not able to do and should not do hard manual labor now just the same as Dr. Silvey found that he was unable to do hard manual labor in March, 1941. Just how he got on the job with Horace Williams Company after he was rejected for the hernia does not appear, but it is likely that in the press for workmen and the confusion and urgency in building these first camps for the Government, there was doubtless a tendency for the foreman to take on any person who appeared able to work.
The trial judge who had the opportunity of observing the plaintiff and evaluating his testimony found that he had failed to prove that he received the hernia at the time and in the manner which he claims. We find nothing in the record to justify us in reversing these findings.
For the reasons assigned, the judgment appealed from is hereby affirmed.